GEORGE V. SEMBLER AND RUTH MARIE SEMBLER BY GEORGE V. SEMBLER, HER NEXT FRIEND, PLAINTIFFS-RESPONDENTS, v. HENRY SCOTT AND ELIZABETH SCOTT, DEFENDANTS-APPELLANTS.

Submitted February 13, 1943—Decided April 29, 1943.

For the plaintiffs-respondents, *Blair & Blair* (*W. Douglas Blair,* of counsel).

For the defendants-appellants, *Edward Schwartz.*

The opinion of the court was delivered by

HAGUE, J.   This is an appeal from a judgment entered in the New Jersey Supreme Court, Ocean County Circuit, in favor of the infant plaintiff for her personal injuries.   Her suit was prosecuted by her father, as next friend, who also had judgment individually for necessary expenses which resulted from those injuries.

The defendant appeals and sets forth as the grounds of appeal (1) that the trial court erred in refusing to grant a motion for nonsuit;   (2) that it was error to refuse to grant motion to direct a verdict for the defendant.

The action was started against Henry and Elizabeth Scott but the former was eliminated as a defendant by consent and the action proceeded against the latter, alone.

Appellant argues that the "record is devoid of proof of negligence by the plaintiff" and that therefore the defendant's

motion for nonsuit or direction of verdict should have been granted. The accident occurred on Herbertsville Road in Godfrey Manor, in the Township of Brick in Ocean County. The infant plaintiff, a child of five years of age, while attempting to cross the roadway, was struck by the defendant's car. The roadway curves in this area and not far from the side of the road is a pond or swimming pool which is used as a bathing place and is frequented by children, of which fact defendant was fully aware. There was testimony that the defendant admitted, shortly after the accident, that she had been driving her car at a speed of twenty miles an hour when the accident happened; that the tires of her car made skid marks on the road; that the marks were "real deep" and were said by one witness, a state trooper, to cover a distance of twenty feet. He likewise testified that he compared the skid marks with the tread on the tires of the defendant's car and they were identical. Standing alone, this circumstance would not mean that the car was negligently operated. The defendant claimed that the child ran out from between two parked cars and that she immediately applied her brakes, swerved to the right, but that her left front headlight struck the child. Plaintiff's witnesses testified that only one car was parked on the road and that the car was "quite a distance" from the place where the accident occurred. The distance was said to be 90 to 100 feet. A jury could infer that the defendant's observation was not adequate under the circumstances. Thus, in view of the contrariety of testimony on this fact issue, it was for a jury to determine whether or not the child did run from between two parked cars, as the defendant says, or whether defendant had a clear and unobstructed view of both sides of the roadway from which people might come, going to or leaving the swimming pool.

The defendant admitted having put her brakes on suddenly; that they "locked" and that the car skidded. She denied that the skid marks attributed to her tires by the state trooper were made by her car. As to the speed of the car at the time, defendant's admission, according to the trooper, that she was traveling at a twenty-mile-an-hour rate and her qualified denial of that speed raised a question

whether in that locality, rounding a curve, this speed was a reasonable one, under the circumstances. The evidence of negligence was slight but it was more than a scintilla. On considering it we cannot say that the court should have taken the case from the jury. Where reasonable minds may differ as to whether or not reasonable care was exercised under all the circumstances, a jury question is presented. *Lozio* v. *Perrone,* 111 *N. J. L.* 549. In this case we think the evidence disclosed facts and circumstances from which negligence might reasonably be inferred and whether it ought to be so inferred is for the jury. *Egan* v. *Sheffield Farms Co., Inc.,* 107 *N. J. L.* 325. Accordingly it was not error to deny both the motion for nonsuit and for directed verdict. *S. Kesson & Sons* v. *Union Building and Construction Co. et al.,* 108 *Id.* 111; *Aitken* v. *Gallagher,* 109 *Id.* 358.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, RAFFERTY, THOMPSON, JJ. 12.

*For reversal*—WELLS, J. 1.